## ELIZ. KOECHLING v. BARBARA HENKEL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 20, 1891—Decided October 5, 1891.
[To be reported.]

1. Since the passage of the married persons' property act of June 3, 1887, P. L. 332, a married woman may engage in business, and enter into contracts in regard to it, or in regard to the management of her separate estate, or for necessaries, as fully as a feme sole; and she may confess a judgment for an indebtedness, whenever by her contract she may subject herself to a liability to be sued.

2. A judgment confessed by a married woman, regular on its face, her coverture not appearing, cannot be questioned on distribution by a stranger to it, on the ground that the record does not exhibit facts showing that it was authorized by the act of 1887: Real Estate Co. v. Roop, 132 Pa 496; Baker v. Singer Co., 122 Pa. 363; Mahon v. Gormley, 24 Pa. 80; Hecker v. Haak, 88 Pa. 238, distinguished.

3. "We cannot say, since the act of 1887, that a judgment confessed by a married woman is void. At most, it is voidable, and may be set aside upon her application, where it is made to appear that it was not author-

Statement of Facts.

ized by the act. But, so general is her power to contract now, that her inability is the exception, rather than the rule: " Per CURIAM.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 116 January Term 1891, Sup. Ct.; court below, No. 22 November Term 1889, E. D., C. P.

On November 16, 1889, by virtue of a writ of fieri facias at the suit of Elizabeth D. Koechling, the sheriff sold certain real estate as the property of Barbara Henkel ; and on January 30, 1890, the proceeds of the sale, $921.37, having been paid into court, *Mr. Redmond Conyngham* was appointed auditor to make distribution.

In his report the auditor found, in substance, the following facts :

Barbara Henkel, the defendant from whose real estate the fund for distribution was realized, was twice married. By her second marriage her name was Klotzbock.

The amount for distribution was claimed by several judgment creditors of Barbara Henkel or Klotzbock, as follows, in the order of their priority as to lien :

1. Judgment of Mary C. Foehl v. Barbara Klotzbock for $1,162; November Term 1888, No. 207 ; entered December 11, 1888, upon a judgment bond dated December 6, 1888.

2. Judgment of Elizabeth D. Koechling v. William G. Foehl and Barbara Henkel for $300 ; August Term 1889, No. 165; entered August 27, 1889, upon a judgment bond dated April 1, 1886.

3. Judgment of Henry Haskill v. Barbara Klotzbock, for $134.95 ; August Term 1889, No. 437 ; transcript of judgment recovered before an alderman on September 3, 1889.

Ten years or more prior to December 6, 1888, Barbara Henkel, now Barbara Klotzbock, received from her daughter, Mary C. Henkel, now Foehl, a sum of money amounting to at least seven hundred dollars. This money was applied by Mrs. Henkel, in the part payment of a judgment against her separate real estate held by a certain John Eshleman. No security was given by Mrs. Henkle for this money at the time, but she promised to secure it when her daughter should be married.

Years afterward, Mary C. Henkel, then Mary C. Foehl, desired to have security from her mother, Barbara Klotzbock, for the money lent to her. She consulted her attorney as to the best way to have the money secured. Her attorney, Mr. Marriott Brosius, advised her (taking into consideration the facts as represented to him) that about all she could do was to take a judgment from Mrs. Klotzbock, and take chances on its collection. A judgment bond was accordingly prepared, and signed by Barbara Klotzbock on December 6, 1888, and subsequently entered in the prothonotary's office on December 11, 1888, and is the judgment now in controversy.

While the evidence was not conclusive, the auditor was constrained to believe that the seven hundred dollars, with interest, formed the consideration of the judgment bond in favor of Mary C. Foehl. The bond was in the ordinary form of a penal bond. It did not state how the indebtedness to Mrs. Foehl arose, nor did it exhibit the fact that Barbara Klotzbock was a married woman; and the record of the judgment entered thereon disclosed neither of these matters.

Upon the facts so found, the auditor, citing as to the power of a married woman, under the act of June 3, 1887, P. L. 332, to confess a judgment: Real Estate Co. v. Roop, 132 Pa. 496, and as to the applicability of the provisions of that act to a judgment confessed after its date, upon a consideration received prior thereto: Endlich on Statutes, 377, reported as his opinion, that the judgment in favor of Mary C. Foehl was confessed "in the management of" Barbara Klotzbock's separate estate, and was therefore valid; and that as the record was regular on its face, it not appearing that Barbara Klotzbock was a married woman, the judgment was not rendered void by reason of the fact that the record did not disclose a contract within the power of a married woman to make; citing Real Estate Co. v. Roop, supra. He therefore awarded the fund, less costs of audit, to Mary C. Foehl.

Exceptions to the report of the auditor, after argument, were overruled by the court, PATTERSON, J., and the report confirmed; whereupon Elizabeth D. Koechling took this appeal, specifying that the court erred in confirming the auditor's report awarding the fund to Mary C. Foehl upon her judgment.

*Mr. John E. Malone* and *Mr. W. T. Brown* (with them *Mr. J. L. Steinmetz*), for the appellant:

A married woman's confession of judgment is absolutely void at common law: Brunner's App., 47 Pa. 73; and the judgment should have been disregarded by the auditor: Brunner's App., supra; Fritchey's Est., 1 Pears. 169. As the record did not on its face bring this judgment within either of the three classes of cases in which the act of June 3, 1887, P. L. 332, as construed in Real Estate Co. v. Roop, 132 Pa. 503, confers the power to confess judgments, it is void: Baker v. Singer Co., 122 Pa. 363; Reed v. Harley, 7 Pa. C. C. R. 125; Hartley v. Decker, 7 Pa. C. C. R. 127; Raymond v. Goetz, 9 Pa. C. C. R. 353.

*Mr John A Coyle*, for the appellee:

The decision in Real Estate Co. v. Roop, 132 Pa. 496, rules the precise question now before the court. A judgment against a married woman is no longer void, since the passage of the act of June 3, 1887, P. L. 332. The instances in which she cannot contract are now the exception, not the rule. The act does not require a judgment confessed to bear upon its face the nature of the debt which it secures, at least where the record does not show the coverture. The auditor could not disregard this judgment. He was obliged either to allow it, according to its date, or suspend his decision until the determination of its validity by the court: Dyott's Est., 2 W. & S. 557; Thompson's App., 57 Pa. 175; Edwards's App., 66 Pa. 89; Borland's App., 56 Pa. 470; Malone's App., 79 Pa. 481; Second N. Bank's App., 85 Pa. 528.

PER CURIAM:

A judgment confessed by a married woman was absolutely void at common law. The reason was that she possessed no power to contract. The legislation of this state for nearly fifty years has been in the line of emancipating married women from the shackles of the common law, and of conferring upon them, in many respects, the power of a feme sole in regard to the ownership and control of their property. We have followed this legislation with caution, enforcing it in a conservative manner, according to its spirit as well as its letter, yet taking care not

to be in advance of it.   Were we to go beyond the statutes, it would be legislation, and this we have carefully avoided.

The married persons' property act of June 3, 1887, extended the rights of married women far beyond any previous act.   The language of this act is very broad, and was carefully considered in Real Estate Co. v. Roop, 132 Pa. 496, where it was held that it unfettered a married woman to a limited extent only, and did not clothe her with a general power to contract as a feme sole.   It was there said in the opinion of the court: "Viewed in this light, it unfetters a married woman . . . . . , for three purposes, viz.: (*a*) Where she engages in trade or business; (*b*) in the management of her separate estate; and (*c*) for necessaries. For any of these purposes she may bind herself and her estate or business by her contracts, and I have no doubt may lawfully confess a judgment."   In emancipating married women to this large extent from the rule of the common law, and clothing them with the power to contract for many purposes, their responsibilities are necessarily enlarged; and the old rule, which ignored their existence as a distinct entity from their husbands, must necessarily be modified to the extent of their changed relations.   A married woman may now engage in business, and enter into contracts in regard to it, or the management of her separate estate, as fully as a feme sole.   This extension of her powers necessarily involves the right to sue, and the liability to be sued; and when she may be sued she may confess judgment.   In other words, as to every contract which she is authorized to make, her rights and responsibilities are those of a feme sole.

The present case involves the effect of a judgment confessed by a married woman.   The record does not disclose the fact that the person who confessed the judgment was a feme covert. Nor is this defence taken by her.   She does not complain of the judgment, which, it is not denied, was given for a full consideration.   The question arises upon the distribution of the proceeds of the sale of real estate, and the objection to the judgment comes from a subsequent lien creditor.   The ground of said objection was that the judgment, being that of a married woman, was null and void, because it did not show upon its face sufficient facts to bring it within the exception of the married persons' property act of 1887.

This judgment is regular upon its face. There is nothing there to show that the defendant is a married woman. In Real Estate Co. v. Roop, we held that the judgment was regular upon its face, but we struck it off as to Mrs. Roop upon her application, on the ground that, "if not given as surety for her husband, it was given upon his importunity, and to aid him in his business, one of the very perils from which the law ought to protect a married woman." In Baker v. Singer Co., 122 Pa. 363; Mahon v. Gormley, 24 Pa. 80, and most of the cases cited by appellant, the defence was taken by the married woman who had confessed the judgment or entered into the contract. In Hecker v. Haak, 88 Pa. 238, the judgment upon which the property was sold was entered by a justice of the peace against a married woman. In that case, the transcript showed that she was a married woman; that the summons was not served upon her; that she did not appear, and that her husband, only, appeared and said the amount was all right, upon which the magistrate entered judgment. This court very properly held that such a judgment was void, and that a sale under an execution issued thereon passed no title.

In the case in hand we have a judgment regular upon its face, given for a full consideration, and of which the defendant therein does not complain. Why should we set it aside in a collateral proceeding at the instance of a stranger to the judgment? The effect would be to take the money of one person and give it to another. There is no rule of public policy which requires this. We cannot say, since the act of 1887, that a judgment confessed by a married woman is void. At most, it is voidable, and may be set aside upon her application, where it is made to appear that it was not authorized by the act of 1887. But so general is her power to contract now, that her inability is the exception, rather than the rule.

> The decree is affirmed, and the appeal dismissed, at the costs of the appellant.