## Abell *v*. Chaffee, Appellant.

*Married women—Confession of judgment for money borrowed to pay lien.*

A married woman has power to confess a judgment for money borrowed to pay off a lien upon her land, where the money is actually used for that purpose. Latrobe v. Fritz, 152 Pa. 224, applied.

*Effect of married persons property act of 1887.*

Both the rights and liabilities of married women in Pennsylvania have been greatly and radically changed and enlarged by the act of 1887. The authorities which were applicable to questions arising before the passage of that act are entirely inapplicable now. The judgment of a married

woman which was then presumably void, is now presumably valid. It is no longer necessary to such validity to set out on the record the facts which before the act were necessary to give the judgment validity.

Argued March 14, 1893. Appeal, No. 33, Jan T., 1893, by defendant, Nancy M. Chaffee, from order of C. P. Bradford Co., Dec. T., 1889, No. 480, discharging rule by plaintiff, Ettie Abell, to strike off judgment. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule to strike off judgment.

From an agreement of facts in the nature of a case stated it appeared that defendant, a married woman, borrowed from plaintiff $700 to pay off a lien upon her land, and that the money was applied to that purpose. At the time the money was borrowed defendant gave to plaintiff a judgment note upon which the judgment in dispute was entered. It did not appear by the note or warrant of attorney that defendant was a married woman.

The court discharged the rule to strike off the judgment, in an opinion in part as follows, by PECK, P. J.:

" The right of a married woman to borrow money to pay off a valid and subsisting lien against her real estate, it seems to me, is inseparably incident to her use, enjoyment and control of the same, as given to her by the act of 1887, and without it her other rights as conferred by said act might be rendered of little use.

" Under the act of 1848, it was held that she might bind her separate estate for repairs necessary for its preservation and enjoyment, for clearing, fencing and building on wild lands, building a dwelling on a city lot; that her right to make such improvements is inseparably incident to her right to take and hold real estate.

" Mr. Justice WOODWARD, in Murray v. Keys, 35 Pa. 384, says that the power of a married woman to contract debts to improve her separate estate, remove liens, etc., is conferred by the sixth section of the act of 1848; Appeal of the Germania Savings Bank, 95 Pa. 332. In Orr & Lindsley v. Bornstein, 124 Pa. 311, Justice STERRETT held that a married woman who has complied with the requirements of the act of April 3, 1872, P. L. 35, and has thereby become entitled to her separate earn

ings as provided by that act, may then borrow money upon her own credit, whether possessed of a separate estate or not; he adds that 'by the married persons property act of June 3, 1887, the disabilities of coverture have been further lessened to a very considerable extent.'

" If I am correct in the position that a married woman may bind herself for money borrowed to pay a valid and subsisting lien against her real estate, and that the power to do so is conferred upon her by the act of 1887, then it follows that she may bind herself and her estate in the usual manner, and by the usual forms, by which contracts are made by persons sui juris: Real Estate Co. v. Roop, 132 Pa. 503." The court also cited and quoted from Koechling v. Henkel, 144 Pa. 219.

*Error assigned* was order discharging rule.

*I. McPherson*, *E. J. Angle* with him, for appellant, cited: Sellers v. Heinbaugh, 117 Pa. 224; Lippincott v. Leeds, 77 Pa. 420; Kuhns v. Turney, 87 Pa. 497 ; Germania Savings Bank's Ap., 95 Pa. 329 ; Patterson v. Robinson, 25 Pa. 81 ; Ramborger v. Ingraham, 38 Pa. 146 ; Van Dyke v. Wells, 103 Pa. 49 ; Brunner's Ap., 47 Pa. 67; Keifer v. Helfricher, 42 Pa. 325; Real Estate Investment Co. v. Roop, 132 Pa. 496; Koechling v. Henkel, 144 Pa. 215; Bauck v. Swan, 146 Pa. 444; Baker v. Singer Mfg. Co., 122 Pa. 363; McKinney v. Brown, 130 Pa. 365 ; Koechling v. Henkel, 144 Pa. 215; Raymond & Campbell v. Goetz, 9 Pa. C. C. R. 353 ; Stouffer v. Thomas, 10 Pa. C. C. R. 421.

*J. C. Ingham*, *D. A. Overton* with him, for appellee, cited: Germania Savings Bank's Appeal, 95 Pa. 332; Murray v. Keyes, 35 Pa. 384; Lippincott v. Leeds, 77 Pa. 422; Lippincott v. Hopkins, 57 Pa. 328 ; Botts v. Knabb, 116 Pa. 28 ; Latrobe Building Assn. v. Fritz, 152 Pa. 224; Koechling v. Henkel, 144 Pa. 215; Bovard v. Kettering, 101 Pa. 184.

PER CURIAM, April 10, 1893:

We might well affirm this judgment on the opinion of the learned court below, and but a few words in addition are necessary now. In the recent case of Latrobe v. Fritz, 152 Pa.

224, we considered fully a question almost precisely similar to the one arising upon the present record. There a married woman borrowed money for the security of which she confessed a judgment to the lender, and used the money in paying for the erection of one or more buildings on land belonging to her. We held the judgment to be a good and valid exercise of the contracting power conferred upon her by the act of 1887 and reversed the court below for ruling the contrary. It is not necessary to repeat the reasoning of that opinion. It is entirely applicable to the present case. Here the money was borrowed by the defendant, a married woman, for the purpose of paying off a lien upon her land, and it was actually used for that purpose. Undoubtedly she had a lawful right to borrow money for such a purpose. She could neither use nor enjoy her separate real estate in the same manner as a feme sole if she did not possess such power. And if she might make a lawful contract of borrowing for such a purpose she might be sued thereon, and of course might confess a judgment: Koechling v. Henkel, 144 Pa. 215; Latrobe v. Fritz, supra.

It is time that the profession throughout the commonwealth should understand and appreciate, that both the rights and the liabilities of married women in Pennsylvania have been greatly and radically changed and enlarged by the act of 1887. The authorities which were applicable to questions arising before the passage of that act are entirely inapplicable now. The judgment of a married woman, which was then presumably void, is now presumably valid. It is no longer necessary to such validity to set out on the record the facts which before the act were necessary to give the judgment validity: Koechling v. Henkel, supra; Latrobe v. Fritz, supra; Milligan v. Phipps, 153 Pa. 208. We find nothing to impugn the validity of the judgment confessed in the present case, and therefore

The order discharging the rule to strike off the judgment is affirmed at the cost of the appellant.

See also the next case.