# McNeal, Appellant, *v.* McNeal.

*Married women—Confession of judgment.*

A married woman may confess judgment to secure the payment of the purchase money for a pair of mules bought by her for use upon her farm.

Argued March 13, 1894.  Appeal, No. 6, Jan. T., 1894, by plaintiff, Harry McNeal, from order of C. P. Sullivan Co., May T., 1890, No. 155, making absolute rule by defendant, Eliza E. McNeal, to open judgment.  Before Sterrett, C. J., Williams, McCollum, Mitchell and Dean, JJ.  Reversed.

Rule to open judgment.  Before Sittser, P. J.
The facts appear by the opinion of the Supreme Court.
The court made the rule absolute March 22, 1892.

*Error assigned* was making rule absolute.

J. G. Scouten, for appellant, cited: Hartley v. Decker, 7 Pa. C. C. R. 127 ; Baker v. Singer Mfg. Co., 3 Pa. S. C. Dig. 263 ; Mahon v. Gormley, 24 Pa. 80 ; Lutes v. Thompson, 5 Pa. C.

C. R. 451; O'Hara v. Baum, 82 Pa. 420; Adams v. Grey, 154 Pa. 258.

*Rush J. Thompson,* for appellee, filed no paper-book.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 9, 1894:

There was nothing on the face of this judgment to indicate that defendant was a married woman when she gave the note on which the judgment was entered. It was shown, however, by depositions taken in support of the rule to strike off, etc., that she was a married woman, living with her husband on a farm which she had owned for many years, and that the note in question had been given for a pair of mules purchased by her and put upon her farm, where they were kept and used until she subsequently sold them.

The time was when, by reason of her common law disability to contract, a married woman, as a general rule, could repudiate at pleasure her written as well as oral promises to pay ; but, upon the passage of the act of 1887, her inability to bind herself by contracts ceased to be the general rule, and became merely the exception thereto. Hence, a judgment confessed by a married woman is no longer prima facie void. At most, it is voidable, and, on her application, may be set aside only when it appears to have been unauthorized by the act. Her power to contract is now so general that her inability is the exception rather than the rule : Adams v. Grey, 154 Pa. 258, and cases there cited. In view of what has been said in those cases, further discussion of the subject is unnecessary. Applying the principles, therein enunciated, to the facts of this case, the judgment in question is valid and binding on the defendant ; and it follows that the learned court erred in striking it off.

The decree of the court striking off the judgment is reversed and set aside, and said judgment is hereby reinstated.