Gockley, Appellant, *v.* Miller, Sheriff.

*Married women—Capacity to contract—Act of June 3, 1887.*

The act of June 3, 1887, P. L. 332, worked a radical change in the contractual capacity of a married woman; it emancipated her from her common law disabilities and authorized her to contract as a feme sole. Instead of being strictly and narrowly exceptional, as it was under the act of 1848, her capacity to contract has practically become the general rule.

*Separate property—Sheriff's sale—Trespass.*

In an action of trespass by a married woman against a sheriff for damages for the sale, as the property of her husband, of two horses claimed

by her, the evidence tended to prove that, at her request, the horses were purchased by her husband to supply the place of two horses owned by her in her own right, one of which had died, and the other she had sold; that the notes given by her husband, for the price of the horses, were subsequently paid by her to the holder thereof with money of her own separate estate. *Held*, that the case was for the jury.

Argued Feb. 14, 1894. Appeal, No. 322, Jan. T., 1894, by plaintiffs, Susanna Gockley and her husband, John Gockley, from judgment of C. P. Lebanon Co., Sept. T., 1890, No. 185, on verdict for plaintiffs and against defendant, Thomas V. Miller, Sheriff, for part only of plaintiffs' claim. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Trespass against sheriff for damages for sale, as property of husband, of property claimed by wife. Before McPHERSON, J.

The court charged in part as follows, March 2, 1891:

" We have come to the conclusion that it is our duty to withdraw the case from you so far as the two horses are concerned; and the reasons, briefly stated, are just these: The testimony is not disputed that the husband was the person who actually made the purchase. He went to the public sale and bid upon the horses; to him they were struck down; he signed the note with security given to the person who sold the horses; and all this was done without the wife in any way appearing in the transaction. The husband did not say to any one, or give any public notice, that he was representing his wife, or that he was acting as her agent; he did not sign the note as her agent, but appeared there as an individual, offered his own credit to the parties, in connection with the credit of his surety, and to him the property was knocked down. [In my opinion that was a sale to him upon his own credit. And even if he is to be treated as her agent,—and we presume for the present that he was her agent,—nevertheless the case is still not within the particularly essential requisite that the credit must be given to her individual property.] [1]  A married woman can purchase a property upon her separate estate, but it must distinctly be upon the credit of that separate estate. . . . That is the law. If a married woman attempted to buy upon credit, and it appeared that she had a separate estate, although she did have a

separate estate, yet if the credit was not given on that particular estate, her purchase would be invalid, and the property would be subject to levy and sale, by her husband's creditors. Now, that is just this case. Assuming that the husband was acting as the agent of his wife, that at the sale he was there representing her, the case would stand just as if she herself had been there, and then the sale would be a sale upon her credit. But there is not a particle of evidence to show that any credit was given to the wife's separate estate. [She was not at the sale, and was not represented at the sale. And there is nothing (to my mind) that would justify me in submitting this question to you, whether she bought this property upon the credit of her separate estate. Therefore, we have concluded to withdraw it from your consideration. And what applies to the first horse applies equally well to the second.] [2] . . . .

" [So you understand, gentlemen, that the case, so far as the value of the two horses is concerned, has been withdrawn from your consideration.] " [3]

Verdict for plaintiff for $18.00 for items other than the horses, and judgment accordingly. Plaintiff appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*John Benson,* for appellants, cited : Latrobe v. Fritz, 152 Pa. 224 ; Milligan v. Phipps, 153 Pa. 208 ; Abell v. Chaffee, 154 Pa. 254 ; Adams v. Grey, 154 Pa. 258 ; McCormick v. Bottorf, 155 Pa. 331 ; Evans v. Evans, 155 Pa. 572 ; Campe v. Horne, 158 Pa. 511.

*Josiah Funck,* for appellee.—Mrs. Gockley did not buy the horses.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 11, 1894:

If the beneficial plaintiff's alleged ownership of the horses in question had antedated the married person's property act of June 3, 1887, the learned trial judge would doubtless have been right in holding that the testimony was insufficient to justify submission of her case to the jury ; but the testimony on which she relied relates to transactions subsequent to the passage of said act, on the provisions of which the legal effect of

said testimony largely depends.    That act has been before us
for construction in several cases, among which are Latrobe, etc.
v. Fritz, 152 Pa. 224; Milligan v. Phipps, 153 Pa. 208; Abell
v. Chaffee, 154 Pa. 254; Adams v. Grey, Id. 258; Campe v.
Horne, 158 Pa. 511; Steffen v. Smith, 159 Pa. 207; and, in
effect, we have uniformly held that its provisions have worked
a radical change in the contractual capacity of married women,
and hence many of the authorities which were applicable to
questions arising before its passage are now inapplicable.    Re-
ferring to the clause declaring that "every married woman
shall have the right to acquire. . . . property, real or personal,
. . . . . in the same manner as if she were feme sole," it was said
in the case last cited: "This plainly emancipated her from her
common law disabilities and authorized her to contract as a
feme sole."    Instead of being strictly and narrowly exceptional,
as it was under the act of 1848, her capacity to contract has
practically become the general rule.

In view of what has been said, we think the testimony ad-
duced by the beneficial plaintiff in support of her claim was
quite sufficient to carry the case to the jury.    It tended to
prove that, at her request, the horses in question were pur-
chased by her husband to supply the place of two horses owned
by her in her own right, one of which had died, and the other
she had sold; that the notes given by her husband, for the price
of the horses, were subsequently paid by her to the holder
thereof with money of her own separate estate.

If upon consideration of the testimony the jury were satisfied
as to its truthfulness, and that the transaction, as alleged by
her, was in good faith and honestly conducted, they would
have been warranted in finding in her favor.    In any event the
evidence tended to sustain the plaintiff's contention and should
have been submitted to the jury for their consideration.

Judgment reversed and a venire facias de novo awarded.