154 258
181 516

154 258
19 SC ¹323

154 258
e 26 SC ¹557

154 258
28 SC ²562

154 258
e215 ²537

# Adams, Appellant, v. Grey.

*Married women—Contracts—Judgment—Act of June 3, 1887.*

The rights and liabilities of married women in this state have been greatly changed and enlarged by the act of June 3, 1887. The authorities which were applicable to questions arising before the passage of that act are inapplicable now. The judgment of a married woman which was then presumably void is now presumably valid. It is no longer necessary to such validity to set out on the record the facts which before the act were necessary to the validity of the judgment.

*Opening and striking off judgments—Practice, C. P.*

A judgment entered against a married woman was regular on its face, nothing appearing on the record even to show that defendant was a married woman. On a rule to open judgment it appeared that defendant was a married woman and that the note on which judgment was entered was in part payment of furniture and household effects sold and delivered by plaintiff to defendant. A rule was also entered to strike off the judgment. The court made absolute the latter rule. *Held*, to be error.

A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open is an appeal to the equitable power of the court to let the defendant into a defence. There was nothing in this case to justify either striking off or opening the judgment.

*Contract—Immoral consideration—Executed contract.*

That part of the consideration of a contract is immoral cannot be set up as a defence to a judgment confessed, after the contract has been executed by delivery of goods representing the legal part of the contract.

Argued March 31, 1893. Appeal, No. 252, Jan. T., 1893, by plaintiff, Daisy Adams, from order of C. P. No. 1, Phila. Co., June T., 1892, No. 805, making absolute a rule to strike off a judgment against Annie Grey. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule to strike off judgment against married women entered on warrant of attorney.

In addition to the facts stated in the opinion of the Supreme Court defendant testified that a part of the consideration for the judgment was the good will of a house of prostitution.

The court below made the rule absolute.

*Error assigned* was in striking off the judgment.

*Wendell P. Bowman*, for appellant, not heard, cited, as to power of married woman to confess judgment: Koechling v. Henkel, 144 Pa. 215; Latrobe B. & L. Assn. v. Fritz, 152 Pa. 224; Milligan v. Phipps, 153 Pa. 208. As to practice in striking off judgment: Humphreys v. Rawn, 8 Watts, 78; McCutcheon v. Allen, 96 Pa. 319; France v. Ruddiman, 126 Pa. 257; Mitchell's Motions and Rules, p. 74; O'Hara v. Baum, 82 Pa. 420; Ramborger's Admr. v. Ingraham, 38 Pa. 146. As to illegality of contract: Fox v. Cash, 11 Pa. 207; Lestapies v. Ingraham, 5 Pa. 81.

*Edward W. Kuhlemeier*, for appellee, cited: Baker v. Singer Mfg. Co., 122 Pa. 363; Real Estate Investment Company v. Roop, 132 Pa. 496; Ames v. Hugg, 6 Pa. C. C. R. 83; Mingle v. Murray, Id. 81; Raymond v. Goetz, 9 Id. 353; Reed v. Harley, 7 Id. 125; Hartley v. Decker, 7 Id. 127; Richey v. Carpenter, 9 Id. 106; Glassmire v. Neill, 10 Id. 418; Building Association v. Johnson, 11 Id. 463; Singer Mfg. Co. v. Cole, Id. 214; Jacobs v. Tolliver, 10 Id. 623; Stouffer v. Thomas, Id. 421.

Latrobe Building Association v. Fritz, 152 Pa. 224, and Milligan v. Phipps, 153 Pa. 208, relied on by appellant, are easily distinguishable. In the former, a married woman gave her bond for a loan of $800, in order to erect a house on property owned by her own separate estate, and for its improvement. This is precisely within the act. In the latter case, a mechanic's lien was filed against the estate of a married woman for work done in its improvement, and this court held, following Real Estate Investment Co. v. Roop, that it was necessary to allege that she was a married woman, since the contract was for the improvement of her separate estate, in regard to which she had all the powers of a feme sole.

In the case at bar the sole consideration and purpose for which the note was given was the good will and trade of a house of prostitution—a grossly immoral and illegal consideration, and in no manner reconcilable with the statutory exceptions of the act of June 3, 1887.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 17, 1893 :

This case is virtually ruled by several of our adjudications, construing the married persons property act of June 3, 1887, among which are Koechling v. Henkel, 144 Pa. 215 ; Bauck v. Swan, 146 Pa. 444 ; Latrobe etc. Association v. Fritz, 152 Pa. 224 ; Milligan v. Phipps, 153 Pa. 208 ; Abell v. Chaffee, not yet reported [the preceding case]. In the case first cited it is said : " We cannot say, since the act of 1887, that a judgment confessed by a married woman is void. At most, it is voidable, and may be set aside upon her application, where it is made to appear that it is not authorized by the act. But so general is her power to contract now, that her inability is the exception rather than the rule."

The first section of the act declares: " That hereafter marriage shall not be held to impose any disability on, or incapacity in a married woman as to the acquisition, ownership, possession, control, use or disposition of property of any kind in any trade or business in which she may engage, or for necessaries, and for the use, enjoyment and improvement of her separate estate, real and personal, or her right and power to make contracts of any kind, and to give obligations binding herself therefor ; but every married woman shall have the same right to acquire, hold, possess, improve, control, use or dispose of her property, real and personal, in possession or expectancy, in the same manner as if she were a feme sole," etc. The only restriction placed upon this general emancipation from her common law disability in this section is, that she " shall have no power to mortgage or convey her real estate unless her husband join in such mortgage or conveyance."

The second section declares she " shall be capable of entering into and rendering herself liable upon any contract relating to any trade or business in which she may engage, or for necessaries, or for the use, enjoyment and improvement of her separate estate, and for suing and being sued, either upon such contracts or for torts done or committed by her, in all respects as if she were a feme sole," etc. The only restriction upon the powers thus granted is that she shall be unable " to become accommodation endorser, guarantor or surety for another."

The third section empowers her to " make, execute and deliver leases of her property, real and personal, and assignments,

transfers and sales of her separate personal property, and notes, bills, drafts, bonds or obligations of any kind, and appoint attorneys to act for her, and it shall not be necessary for her husband to be made a party thereto or joined therein."

It is very evident from the above quoted and other provisions of the act that it was intended to work a radical change in the rights and liabilities of married women.   With the exception of such disabilities as are particularly specified in or contemplated by the provisions of the act, they are emancipated from their common-law disabilities, and authorized to incur contract liabilities, etc., as if they were femes sole; and such has been the trend of our decisions whenever questions have arisen since the passage of the act.

It is not our purpose to review those cases, several of which have been cited.   In the last case, it was said by our Brother GREEN, in a per curiam opinion: "It is time the profession throughout the commonwealth should understand and appreciate that both the rights and liabilities of married women in this state have been greatly changed and enlarged by the act of 1887.   The authorities which were applicable to questions arising before the passage of that act are inapplicable now. The judgment of a married woman which was then presumably void is now presumably valid.   It is no longer necessary to such validity to set out on the record the facts which before the act were necessary to the judgment's validity."

Upon its face, the judgment in question was perfectly regular and valid.   There was nothing on the record even to indicate that defendant was a married woman.   That fact was disclosed by the testimony taken on the rule to open.   It was also shown that the consideration of the note, on which the judgment was entered, was part of the contract price of furniture and household effects sold and delivered by plaintiff to defendant.   The contract of sale was fully executed; part of the consideration had been paid, and the residue thereof was represented by the note on which the judgment was entered.   No sufficient reason was shown for opening, much less for striking off the judgment.   As was said by Mr. Justice SHARSWOOD in O'Hara v. Baum, 82 Pa. 420: "A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open is an appeal to

the equitable power of the court to let the defendant into a defence." As already intimated, there was nothing in this case to justify either striking off or opening the judgment. We take no notice of the testimony introduced for the purpose of showing that the consideration of the note was, in part at least, an immoral one. The testimony leaves that matter in great doubt, but assuming that the contract for sale of the furniture, etc., was tainted, as alleged by defendant, it was not a matter that she could set up as a defence to the judgment on her note, after the contract had been fully executed by delivery of goods, etc., to her.

The order striking off the judgment is reversed and set aside at the costs of the defendant, and the judgment is reinstated on the record.

NOTE.—Baker v. Mfg. Co., 122 Pa. 363, has been cited as authority for a different practice, but although the warrant of attorney did not show defendant was a married woman (See report in 13 Cent. R. 477 ) the point of practice was not raised.