## Children's Aid Society *v*. Benford, Appellant.

*Married women—Debts—Evidence—Burden of proof—Necessaries.*

In an action upon the promissory note of a married woman dated June 1, 1893, it is not incumbent upon the plaintiff to show that the money was devoted to a purpose for which a married woman could contract under the act of 1887, even as that act was construed in Real Estate Investment Co. v. Roop, 132 Pa. 496. On the contrary the burden is on the defendant to prove that the contract was one of the kinds prohibited by the act of 1887. Proof that the proceeds of the note were used for the purpose of sending a sick son to a warmer climate does not rebut the presumption in favor of the validity of the note. Such an application might be considered, under some circumstances, as a necessary.

Argued May 4, 1904.   Appeal, No. 59, April T., 1904, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1901, No. 17, on verdict for plaintiff in case of Children's Aid Society of Cambria v. John H. Benford, Executor of Belle Benford, Deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit on a promissory note.   Before KOOSER, P. J.
The facts are stated in the opinion of the Superior Court.
The defendant presented the following points :
1. Under the law at the date of the giving of the note in suit, a married woman could only be held liable on her note

given for one of these purposes, viz: (*a*), for necessaries; (*b*), for the improvement of her property, and (*c*), for her use in trade or business; and as the evidence on part of the plaintiff shows that the money was borrowed for use of a sick son of the defendant—and as there is no evidence that the money was borrowed for any of the purposes for which a married woman could be held liable under the law as it existed at that time, there can be no recovery and the verdict must be for the defendant. *Answer:* Refused. [1]

2. Under the pleadings and all the evidence in the case the evidence must be for the defendant. *Answer:* Refused. [2]

Verdict for plaintiff for $362.87, subject to question of law reserved. The court entered judgment for plaintiff on the verdict.

*Errors assigned* were (1, 2) above instructions, quoting them, and (3) in not entering judgment for defendant non obstante veredicto.

*W. H. Ruppel*, with him *A. H. Coffroth* and *J. R. Scott*, for appellant.

*W. D. Lloyd* and *William Williams*, with them *Valentine Hay* and *A. L. G. Hay*, for appellee.

OPINION BY RICE, P. J., December 12, 1904:

In June, 1893, Belle Benford, a married woman, borrowed of the plaintiff society $250, and gave therefor her promissory note payable one year after date. She never denied the validity of the note; on the contrary, she subsequently admitted her indebtedness, and made two payments, one in 1894 and the other in 1895. After her death, suit was brought on the note against her husband, the executor of her estate. This is an appeal from the judgment upon verdict in the plaintiff's favor. The complaint is that the court erred in refusing the defendant's request for binding instructions, and in not entering judgment in his favor upon the point of law reserved non obstante veredicto.

In Real Estate Investment Co. v. Roop, 132 Pa. 496, Chief Justice PAXSON held that, subject to the restrictions specified

in the provisos to sections one and two, the third section of the act of 1887, conferred upon a married woman the power to make contracts only: " (*a*) Where she engages in trade or business; (*b*) in the management of her separate estate; (*c*) for necessaries." The defendant's counsel asked the court to apply this rule and to charge that there could be no recovery because there was no evidence that the money was borrowed for either of these purposes. There are two answers to this proposition. One is that in later cases the Supreme Court took a more liberal view of the power of a married woman under the act of 1887, to bind herself by contract, which was thus expressed by the late Chief Justice STERRETT, in Adams v. Grey, 154 Pa. 258 : " With the exception of such disabilities as are particularly specified in or contemplated by the provisions of the act, they (married women) are emancipated from their common-law disabilities, and authorized to incur contract liabilities, etc., as if they were femes sole." This construction of the act was recognized in many later cases, amongst which may be mentioned Evans v. Evans, 155 Pa. 572 ; Campe v. Horne, 158 Pa. 508; Gockley v. Miller, 162 Pa. 271 ; Mitchell v. Richmond, 164 Pa. 566. But, in the second place, whether or not these decisions are in entire harmony with the general doctrine of the Roop case as to the power of a married woman to contract, this is clear, that they, and other cases, have established a rule as to the burden of proof which, being applied here, is fatal to the defense. The rule was thus stated in Patrick & Co. v. Smith, 165 Pa. 526 : " Formerly her capacity to contract was exceptional, and her disability general; now the disability is exceptional and her capacity general ; the burden is on her, when she seeks to avoid her contract, to bring it within one of the few exceptions." Language to the same effect was used in Koechling v. Henkel, 144 Pa. 215 ; Abell v. Chaffee, 154 Pa. 254 ; Mitchell v. Richmond, 164 Pa. 566 ; Stephan v. Hudock, 4 Pa. Superior Ct. 474, where many other cases are reviewed; McNeal v. McNeal, 161 Pa. 109. " To hold, as is claimed, that one who lends a married woman money, by discounting her note or otherwise, must see that she actually applies it to use in her business, would be going back to that state of limited rights of property and contract which it was the object of the Married Persons Property Act of 1887, P. L.

332, to put an end to.  The auditor reports that her notes were discounted by the bank and she received the money, but that 'there is no evidence which proves directly what she did with the proceeds.'  It is not necessary that there should be.  One who presents a money obligation of a married woman, since the act of 1887, has made out a prima facie case, which can only be defeated by showing that the contract is one of the kinds prohibited by that act.  The presumption, even in case of a judgment, is that it is regular and valid."  Spotts's Estate, 156 Pa. 281.

It is argued that as it was shown upon the cross-examination of the plaintiff's witness that Mrs. Benford declared, when she borrowed the money, that it was for the purpose of sending a sick son to Florida, the presumption in favor of the validity of the obligation was rebutted.  We cannot assent to this proposition, even though it be assumed from this declaration of the borrower that she both borrowed and used the money for the purpose stated.  She had a right to contract for necessaries, amongst which, under some circumstances, would be included the healing of a sick child.  Therefore, the fact assumed, instead of showing that the money was not borrowed for necessaries, tends to show that it was.  It may not be sufficient, standing alone, to compel that conclusion, but it is not inconsistent with it; and, as we have already demonstrated by the authorities, the burden of proving that the contract is one of the kinds prohibited by the act of 1887, rested on the defendant.  It was not incumbent on the plaintiff to show that the money was devoted to a purpose for which a married woman could contract under the act of 1887, even as that act was construed in the Roop case.

Judgment affirmed.