From Charles P. Ulrich, Selinsgrove, Pa.

---

## Zuch v. Garman.

*Married woman—Judgment—Opening.*

A judgment against a married woman will be opened where it was given for a debt owed by her husband for supplies ordered by him for his restaurant, in which she had no interest, though she took charge of the finances and owned the fixtures.

Rule to open judgment. C. P. Lancaster Co., Jan. T., 1925, No. 324.

*S. V. Hosterman,* for rule; *Charles E. Workman,* contra.

HASSLER, J., Nov. 14, 1925.—On March 3, 1925, Helen Garman, the defendant, confessed a judgment to the plaintiff for $350. On Aug. 3, 1925, she presented her petition, asking that this judgment be opened because it was given for a debt due to the plaintiff by her husband, K. F. Garman. She also alleges that it was fraudulently obtained, and that there was an agreement that no execution should be issued upon it. An execution was issued and the sheriff levied upon her household effects. She alleges that the debt for which the judgment was given was for supplies purchased by her husband in keeping a restaurant in the Borough of Marietta. In her depositions she testifies that her husband was engaged in the business of keeping a restaurant, that he purchased supplies from the plaintiff, and that on March 2, 1925, he left for parts unknown, owing the plaintiff the sum of $350; that on the next day the plaintiff came to her house and obtained her signature to the note upon which this judgment was entered. She said that because of her husband's inability to keep money, the bank account was kept in her name and the bills were paid by her check. She also says that her husband rented the place and that she bought and owned the fixtures in the restaurant.

The plaintiff in the judgment does not deny that the business was conducted by the defendant's husband, K. F. Garman, or that he sold the goods to him. On his books they are charged to K. F. Garman and not to the defendant. The fact that the bills were paid from time to time by her check, and that she said that she owned the fixtures, did not make her the proprietor of the business and personally liable for the goods purchased by and charged to K. F. Garman, her husband.

In Newhall, Assignee, v. Arnett, 279 Pa. 317, it is decided that where a wife gives a promissory note to a partnership for an amount which her husband owes to it, and the wife has no interest in the business and owes it nothing,

the note is an obligation of the wife to secure her husband's debt, and invalid under the Act of June 8, 1893, P. L. 344. As such note is not a payment of the husband's debt, but a mere agreement to pay it, the "note being without consideration to her, and an assumption of the debt of another who remained primarily liable, had all the characteristics of an 'accommodation' note of which she was the 'maker,' and which she had no power under the statute to make."

The judgment of a married woman will be opened where it appears it was given for a debt for which she was not liable: Koechling v. Henkel, 144 Pa. 215; Adams v. Grey, 154 Pa. 258; McNeal v. McNeal, 161 Pa. 109; Stahr v. Brewer, 186 Pa. 623.

The note of Helen Garman upon which this judgment was entered was given, as shown by the testimony, for a debt of her husband. It was without consideration to her, and had all the characteristics of an accommodation note of which she was the maker, and which she had no power under the statute to make. We must, therefore, open the judgment and permit her to defend against it.

We, therefore, make absolute the rule to show cause why the judgment should not be opened and the defendant let into a defence.

From George Ross Eshleman, Lancaster, Pa.