Steffen *v.* Smith, Appellant.

[Marked to be reported.]

*Married woman—Contracts—Purchase of real estate—Act* 1887.

Under the married persons' property act of June 3, 1887, P. L. 332, a married woman may enter into a contract to purchase real estate for the purpose of a residence for herself and family, and she is personally liable for the money borrowed to pay for it.

The word "improvement" in the act does not contract or even color the meaning of the words "use" and "enjoyment." These words were coupled with the word "improvement" for the sake of convenience, but they were employed to express distinct and independent purposes in reference to the separate estate. The acquisition of land may be an advantageous use and enjoyment of her separate estate.

With the exception of such disabilities as are particularly specified in or contemplated by the provisions of the act, married women are emancipated from their common law disabilities, and are authorized to incur contract liabilities as if they were femme sole.

Argued Nov. 2, 1893. Appeal, No. 235, Oct. T., 1893, by defendant, Henrietta C. Smith, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 250, on special verdict in favor of plaintiff, Annie W. Steffen, executrix of Christian Steffen, Jr., deceased. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on promissory note.

The jury returned the following special verdict:

"1. That on Feb. 25, 1889, the defendant Henrietta C. Smith was, and now is, a married woman.

"2. That said Henrietta C. Smith then was in receipt of an annual income of $2,400 derived from a trust estate consisting of realty and personalty.

" 3. That on Feb. 25, 1889, A. J. Stephenson and wife by their deed conveyed to Henrietta Catherwood Smith a certain piece of ground situate in the Twentieth ward, of the city of Pittsburgh, in said county, the consideration therefor being $27,500.

" 4. That the terms of said sale were $4,000 cash, and the balance of $23,500 was secured to the vendor by a purchase money mortgage of the same date, recorded in Mortgage Book vol. 473, p. 262, and payable as follows, viz.: Aug. 15, 1889, $3,500 ; March 1, 1890, $5,000 ; March 1, 1891, $5,000 ; March 1, 1892, $5,000 ; March 1, 1893, $5,000 ; with interest on the balance of unpaid principal money payable semi-annually, with the usual scire facias clause in case of default of payment of principal or interest.

" 5. That the said real estate was a residence property, and after purchase occupied by the defendant and her family as such.

" 6. That on the same date, Feb. 25, 1889, the said Henrietta C. Smith made and delivered and received the proceeds of the following note :

" ' $3,200　　　　ALLEGHENY, Pa., February 25th, 1889.

" ' Three months after date I promise to pay to the order of The Enterprise Savings Bank thirty-two hundred dollars at The Enterprise Savings Bank. Without defalcation. Value received.　　　　　　　　　　　　　　H. C. SMITH.'

" Endorsed, ' T. L. CLARK, Cashier.'

" 7. That the said note was, before maturity, discounted by the said Christian Steffen, Jr., who has since deceased, and his estate is now administered upon by said plaintiff.

" 8. That said note was discounted for the purpose of borrowing money with which to purchase said piece of real estate, and $3,000 of the proceeds of said note were actually so applied with the knowledge of said bank and said Steffen, being a part of the cash payment of Feb. 25, 1889.

" 9. That a mortgage bearing date Feb. 25, 1889, for $3,000 upon said property was given by said defendant to said bank as a collateral security for the payment of said note.

" 10. That the mortgage given to said vendor to secure the said unpaid purchase (money) was afterwards, and before the bringing of this suit, foreclosed, by scire facias proceedings, the

property sold thereon and the lien of the mortgage given to said bank was divested.

" If under the facts stated the court shall be of opinion that the defendant is liable for the amount of said note, then judgment to be entered for the plaintiff and against the defendant in the sum of $3,200 and interest from May 28, 1889. If the court should be of opinion that the defendant is liable only for such part of the proceeds as were actually applied in said purchase, then judgment to be entered for plaintiff for $3,000 and interest from May 28, 1889. If the court shall be of opinion that under the facts of the case defendant had no power to bind herself by the contract declared upon, then judgment to be entered for defendant."

The court entered judgment for plaintiff for $3,200 with interest from May 28, 1889.

*Error assigned* was above judgment, quoting it.

*James R. Macfarlane*, for appellant.—The contract in this case is not within the sphere of the powers and liabilities of a married woman, created by the married persons' property act of June 3, 1887, P. L. 332. The purposes for which she may acquire property of any kind are limited, and the only possible binding one here is the use, enjoyment and improvement of her separate estate. To buy a house and lot, even for a home, is not a use, enjoyment and improvement of her separate estate : Latrobe Association v. Fritz, 152 Pa. 224; Real Estate Co. v. Roop, 132 Pa. 496 ; Koechling v. Henkel, 144 Pa. 215 ; Adams v. Grey, 154 Pa. 258; Abell v. Chaffee, 154 Pa. 254.

While the act does " greatly enlarge her powers," the cases decided by this court in every instance follow the principles laid down in the two leading cases of Real Estate v. Roop, 132 Pa. 496, and Koechling v. Henkel, 144 Pa. 215, limiting her powers and liability to (*a*) necessaries, (*b*) separate business and (*c*) management of her separate estate. Whether expressly conferred or an incident to her rights, the contract power relates to these three heads.

Brooks v. Bank, 125 Pa. 394, was the note of a business firm in which a married woman was a partner. Real Estate Co. v. Roop, 132 Pa. 496, was a note given by a married woman as

surety for her husband, or to aid him in carrying on his business, and she was not liable. Koechling v. Henkel, 144 Pa. 215, was a judgment against a married woman, regular on its face, without facts shown on its face to bring it within the act, and it was held good on the ground that she must show that it was not authorized. Bauck v. Swan, 146 Pa. 444, held that the power to sell under the word "dispose" carried with it the power to employ an agent to sell. Milligan v. Phipps, 153 Pa. 208, was a mechanic's lien for an improvement on a married woman's land. Evans v. Evans, 155 Pa. 572, decides only that personal property was a wife's and did not belong to her husband's creditors, even though she had bought it with borrowed money. Whether the loan was within her sphere of contracting power was not in the case, and, it not being shown to the contrary, it is presumed that it was. A horse, buggy and harness are doubtless necessaries on a farm. Packer v. Taylor, 2 Dist. R. 443, is an erroneous decision.

*John M. Goehring* and *S. Harvey Thompson*, for appellee, not heard.—The act of 1887 was clearly intended to bestow upon a married woman the power to acquire an estate: Real Est. Co. v. Roop, 132 Pa. 496 ; Adams v. Grey, 154 Pa. 258 ; Abell v. Chaffee, 154 Pa. 254.

Under the act of 1887, appellant had the power to purchase a residence property for herself and family upon credit and to borrow money to pay for it, and having done so is liable.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1893 :

The contract in this case comes clearly within both the letter and spirit of the act of 1887. That act gave married women unrestricted power to acquire real estate and to incur corresponding liabilities. It declares : " That hereafter marriage shall not be held to impose any disability on or incapacity in a married woman as to the acquisition . . . . of property of any kind in (1) any trade or business in which she may engage, or (2) for necessaries, or (3) for the use, enjoyment and improvement of her separate estate, . . . . or (4) her right and power to make contracts of any kind, and to give obligations binding herself therefor ; but every married woman shall have the same right to acquire . . . . property, real and personal,

. . . . in the same manner as if she were a femme sole." . . .
This plainly emancipated her from common law disabilities, and
authorized her to contract as a femme sole: Adams v. Grey,
154 Pa. 258.

The unrestricted power of acquisition in trade or for neces-
saries is conceded; but it is insisted that defendant's acquisi-
tion being within neither of these clauses, her power, and con-
sequently her liability, were limited to that which was necessary
to the " use, enjoyment and improvement " of real estate which
she already owned. This is but a narrow construction of a
single clause of the act. The word "improvement" it is true
implies an existing subject; but does not control, nor even
color, the meaning of the words " use " and " enjoyment " with
which it is coupled. They were coupled for the sake of con-
venience; but were employed to express distinct and inde-
pendent purposes in reference to the separate estate. The
"acquisition" of lands would often be advantageous to the
" use " and " enjoyment" of her separate estate when not re-
quired for its "improvement." If the separate estate should
consist entirely of personalty, circumstances might arise in
which the acquisition of land would be the only available " use "
and " enjoyment." It would be strange, indeed, if, when a mar-
ried woman has been expressly given unlimited power to acquire
real estate " in any trade or business," or for " necessaries," or
" to make contracts of any kind and to give obligations binding
herself therefor," and " to acquire . . . . property . . . . in
the same manner as if she were a femme sole," she should be
unable to acquire a home for her " use " and " enjoyment."
The purpose of the legislature was broad and liberal and must
be interpreted in a like spirit. With the exception of such
disabilities as are particularly specified in or contemplated by
the provisions of the act, married women were emancipated
from their common law disabilities, and authorized to incur
contract liabilities as if they were femme sole; and such has
been the trend of our decisions whenever questions have arisen
since the passage of the act: Adams v. Grey, supra. As de-
fendant is not within any of the exceptions, her liability neces-
sarily follows, and the judgment entered on the special verdict
must be affirmed.

Judgment affirmed.