BERNARD & LEAS MANUF'G CO. v. PACKARD & CALVIN, Limited.

(Circuit Court of Appeals, Third Circuit. October 30, 1894.)

No. 22.

1. LIMITED PARTNERSHIP—PENNSYLVANIA STATUTE — HUSBAND AND WIFE AS MEMBERS.

An act (Pa., June 2, 1874) which requires not less than three persons to unite to form a limited partnership is complied with where two of the persons uniting are married women, and the others are their husbands.

2. SAME—"LTD." IN FIRM SIGNATURE.

Where an act (Pa., June 2, 1874) providing for limited partnerships requires that the word "Limited" shall be the last word in the name of every such partnership, the contention that the use of the abbreviation "Ltd." in a signature creates a general liability has no force.

3. SAME—CONTRACT SIGNED BY ONLY ONE MANAGER.

Where an act relating to limited partnerships (Pa., June 2, 1874) provides that no liability exceeding $500 shall bind the firm, except the person incurring it, unless reduced to writing, and signed by at least two managers, it is plain that the act of a single manager, in disregard of such provision, cannot extend the liability to the other members.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This was an action by the Bernard & Leas Manufacturing Company against Packard & Calvin, Limited, in which it was sought to charge the defendants as general partners. The defendant was a limited partnership association formed under the act of the legislature of Pennsylvania of June 2, 1874 (P. L. 271), which provides for a limitation of the liability of such association to the amount of capital contributed by the members. Section 1 provides that "when any three or more persons may desire to form a partnership association, for the purpose of conducting any lawful business or occupation, * * * it shall and may be lawful for such persons to sign and acknowledge, before some officer competent to take the acknowledgment of deeds, a statement in writing, * * *." Section 3 provides that "the word 'Limited' shall be the last word of the name of every partnership association formed under the provisions of this act." Section 5 provides that "no debt shall be contracted or liability incurred for said association, except by one or more of the said managers, and no liability for an amount exceeding five hundred dollars, except against the persons incurring it, shall bind the said association, unless reduced to writing and signed by at least two managers." A compulsory nonsuit was entered at the trial, at the close of plaintiff's evidence, which the court refused to strike off. Plaintiff brings error.

J. G. White, for plaintiff in error.

Q. A. Gordon, for defendant in error.

Before SHIRAS, Circuit Justice, DALLAS, Circuit Judge, and WALES, District Judge.

DALLAS, Circuit Judge. The bill of exceptions set forth that:

"Upon the trial the evidence on the part of the plaintiff showed, as the basis of his suit, a written contract for the construction of a mill, at a cost exceeding five hundred dollars,[1] made by plaintiff with 'Packard & Calvin, Ltd.'; a company claiming to have been organized under the limited partnership act of Pennsylvania, approved June 2, 1874, and its supplements. The plaintiff's evidence further showed that M. L. Packard was the wife of W. R. Packard, and that Tabitha L. Calvin was the wife of William J. Calvin, and that these four persons, who are the defendants in this case, were the only members or stockholders of the said alleged limited partnership, and that they had complied with all the requirements of the said act of 1874 and its supplements, if they, as two husbands and their respective wives, were competent, under said act and its supplements, to organize and constitute a limited partnership association. It further appeared by the plaintiff's evidence that the contract in suit was signed, 'Packard & Calvin, Ltd.,' by only one manager of said alleged limited partnership. The plaintiff, having shown these facts, rested his case; and the court, upon motion of defendant's attorney, entered a compulsory nonsuit, which the court afterwards refused to take off."

The question which was raised in the circuit court, and which is now presented here, is whether the four persons who had associated themselves together as stated in the foregoing extract are liable, as general partners upon the contract sued on, notwithstanding the fact that it was "made by plaintiff with Packard & Calvin, Ltd." The action was brought to enforce such supposed general liability, and the plaintiff contends that, to that end, it should have been sustained. This contention is put upon several grounds, which will be separately disposed of, but without extended discussion.

1. The Pennsylvania statute of June 2, 1874, which requires not less than three persons to unite to form a limited partnership, is complied with where, as in this instance, two of the persons uniting are married women, and the others are their respective husbands. This understanding of the law seems to be supported by the opinion of the supreme court of Pennsylvania delivered in the case of Steffen v. Smith, 159 Pa. St. 207, 28 Atl. 295; and, apart from this, we have no doubt of its correctness.

2. The fact that the abbreviation "Ltd.," and not the entire word "Limited," was made part of the signature to this contract, is claimed in the plaintiff's brief to have created the general liability averred; but this point has not been very strenuously urged in oral argument, and we do not perceive that it has any force.

3. The proposition that, because the contract was signed "by only one manager of said alleged limited partnership," all the members thereof became generally liable, is untenable. It is founded on the provision of the Pennsylvania statute (section 5) that "no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind the said association, unless reduced to writing and signed by at least two managers." But it is quite plain that the act of a single manager, in disregard of this provision, cannot have the effect of extending the liability of the other members of the asso-

---

[1] Note. The record shows that the amount involved in the action exceeded $2,000, and no question as to the jurisdiction of the court was presented.

ciation. It was intended for their benefit, and should not be construed to their disadvantage. The person so incurring a liability is himself bound, but, as this results from an express exception, applied to him only, it follows that the legislature could not have intended that his comembers would be similarly bound. The judgment is affirmed, with costs.