# Crosby v. Waters, Appellant.

*Married women—Contracts—Act of June 3, 1887, P. L. 352.*

A married woman without separate estate who in 1892 bought a farm, took title to it, enjoyed its fruits for seven years, and then sold it and received the purchase money, cannot escape liability upon her written promise to pay for the land and the personal property which was upon it, upon the ground that the obligation was not binding upon her, and that without any offer to return either the property or the proceeds of the sale.

*Bond—Evidence—Case for jury.*

In an action on the bond given for the support and maintenance of another in consideration of a conveyance of real estate, the case is for the jury where the evidence is conflicting as to whether the obligee was sufficiently fed and clothed.

Argued May 15, 1905. Appeal, No. 131, April T., 1905, by defendant, from judgment of C. P. Erie Co., Sept. T., 1902, No. 16, on verdict for plaintiff in case of Jane E. Crosby v. Ellen M. Waters. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a bond. Before WALLING, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*George H. Higgins*, for appellant, cited : Koechling v. Henkel, 144 Pa. 215 ; Walter v. Jones, 148 Pa. 589 ; Milligan v. Phipps, 153 Pa. 208 ; Glidden v. Strupler, 52 Pa. 400.

*E. P. Gould*, with him *A. P. Howard*, for appellee, cited: Steffen v. Smith, 159 Pa. 207 ; Adams v. Grey, 154 Pa. 258 ; Abell v. Chaffee, 154 Pa. 254 ; Real Est. Investment Co. v. Roop, 132 Pa. 496.

OPINION BY PORTER, J., July 13, 1905 :

The jury found a verdict, under a charge which is not the subject of any assignment of error, for the plaintiff in the

penal sum of $1,000, and also found " that plaintiff's damages, by reason of defendant's breach of the condition of the bond, to the time of the bringing of this suit, was five hundred dollars, for which actual sum they find for the plaintiff." This verdict was subject to the opinion of the court on the question of law reserved, to wit : " Is there any evidence to submit to the jury upon which the plaintiff is entitled to recover." · The only assignment of error is to the entry of the judgment upon the verdict. Counsel for the defendant conceded that the only questions are as to the validity of the bond, as an obligation binding upon the defendant, who was a married woman ; and whether there was sufficient evidence to warrant the submission to the jury of the question whether there had been a breach of the condition of the obligation.

The bond was conditioned : " That the said E. M. Waters, her executors, etc., shall and do well and sufficiently maintain, support and keep the said Jane E. Crosby ·during her natural life with good and sufficient meat, drink, apparel, washing, lodging and attendance in sickness and health, and pay the just and lawful debts, she may be now owing." It recited, that Jane E. Crosby had by deed of even date therewith, granted to said E. M. Waters a certain tract of land, in the county of Erie, Pennsylvania, containing fifty-two acres, and two other pieces of land situated in Volusia county, Florida, and had also executed a bill of sale and delivered all her personal effects to the said E. M. Waters ; in consideration of which the latter had agreed to maintain the said Jane E. Crosby during her natural life and assume her lawful indebtedness. The evidence at the trial disclosed that, in pursuance of an oral agreement previously entered into, the bond in question had been executed on June 11, 1892, and upon the same day the plaintiff executed deeds conveying to the defendant the tract of land in Erie county, Pennsylvania, and the two tracts of land in Florida, and at the same time had executed a bill of sale of all her personal effects, consisting of household furniture and the horses, cattle, wagons and agricultural implements, upon the farm in Erie county, which had been the home of the plaintiff. There was no dispute as to the debts of Mrs. Crosby which the defendant undertook to pay ; their character and amount were understood by the par-

ties, and they seem to have been discharged. There was some conflict of evidence as to whether the plaintiff had made misrepresentations with regard to the value and title of the Florida land, but the defendant admitted that after she knew the exact truth she had insisted that the plaintiff execute the bill of sale and deliver the personal property in accordance with the terms of their agreement. The learned judge of the court below held that the defendant having, with full knowledge of the facts, elected to insist upon performance of the contract, as made, could not now be heard to allege that she had previously been misinformed as to the condition of the Florida land, which ruling is not assigned for error. The defendant was at the time of the execution of the bond a married woman. These transactions occurred in 1892, and it is an undisputed fact that the defendant received and retained the personal property and went into possession of and peaceably enjoyed the fruits of the farm in Erie county until 1899, when she sold it and received the proceeds. The question upon the first branch of the case, therefore, is, can a married woman who buys a farm, takes title to it, enjoys its fruits for seven years and then sells it and receives the purchase money, escape liability upon her written promise to pay for the land and the personal property which was upon it, upon the ground that the obligation was not binding upon her, and this without any offer to return either the property or the proceeds of its sale.

The validity of the obligation of the defendant is to be determined under the provisions of the Act of June 3, 1887, P. L. 332. The defendant bought the land and personal property in question for herself, took title in her own name, and herself received the rents, issues and profits, and when she sold it the proceeds were absolutely her own. It is conceded that she had a separate estate, consisting of real and personal property, the moment this contract was executed, but it is contended that she cannot be called upon to perform her promise to pay for the land and personal property, for the reason that she had neither lands nor personal property prior to the time this property was conveyed and delivered to her. The act of 1887 has not been thus narrowly construed. "The purpose of the legislature was broad and liberal and must be interpreted in a like spirit. With the exception of such dis-

VOL. XXVIII—36

abilities as are particularly specified in or contemplated by the provisions of the act, married women are emancipated from their common-law disabilities, and authorized to incur contract liabilities as if they were femme sole: " Adams v. Grey, 154 Pa. 258; Abell v. Chaffee, 154 Pa. 254; Steffen v. Smith, 159 Pa. 207; Koechling v. Henkel, 144 Pa. 215; Latrobe · Building & Loan Association v. Fritz, 152 Pa. 224; Evans v. Evans, 155 Pa. 572. The contract in this case did not, either because of its nature or the purpose for which it was made, come within any of the classes excepted out of the power to contract conferred upon married women -by the statute. The defendant bought the land upon her own credit, it became her separate estate, and she is liable upon her promise to pay for it.

The evidence as to whether there had been a breach of the condition of the bond was conflicting. It was undisputed that the mutual understanding of the parties was that the plaintiff was to live in the home of the defendant, and it is equally clear that the defendant never offered to provide any other place for her. The plaintiff testified as to the manner in which she was treated by the defendant and the members of her family, and her testimony, if believed, warranted a finding that that treatment was not only such as to humiliate her, but that she was insufficiently fed and clothed. Her testimony, as to the insufficiency of her clothing was to a slight degree corroborated. This testimony was, on behalf of the defendant, flatly contradicted by a number of witnesses. The testimony was all oral, and the credibility of the witnesses was for the jury. The defendant did not even move the court below for a new trial. The verdict of the jury may have been against the weight of the evidence; if so, the court was without authority to correct the mistake in disposing of the question of law reserved, for the evidence of the plaintiff standing alone was sufficient to warrant a finding that there had been a breach of the condition of the bond.

The judgment is affirmed.