## McGarrity *v.* McMahon, Appellant.

*Husband and wife—Wife as surety for husband—Judgments— Opening judgment.*

1. Where a wife gives a judgment note, although she thereby discharges a debt owing by her husband, she is liable upon the same, where it appears that it was given as an original undertaking for a valuable consideration passing directly to her.

2. Upon a rule to open judgment entered upon a judgment note given by defendant, a married woman, to plaintiff, it appeared that the defendant's husband, who was a retail liquor dealer, was indebted to plaintiff; that by reason of the husband's conviction of homicide, it became necessary for him to dispose of his liquor license; that arrangements were made whereby the wife was to take over the liquor business and the license, and the plaintiff agreed to assist her in securing a transfer of the liquor license and in procuring possession of the premises where the business was conducted, and to give her credit for liquors which she was to buy from him, all of which he did, and the defendant wife agreed to give plaintiff a judgment note for the same amount as the money owing by her husband, the judgment note of the husband to be surrendered. *Held,* the judgment note given by the wife in pursuance of this arrangement was an original undertaking, for a valuable consideration passing directly to her, and the rule to open judgment was properly discharged.

Argued March 24, 1913. Appeal, No. 399, Jan. T., 1912, by defendant, from order of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 3875, discharging defendant's rule to show cause why judgment should not be opened and the defendant let into a defense, in case of Joseph McGarrity, trading as Joseph McGarrity & Company, v. Winifred McMahon. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why judgment should not be opened and the defendant let into a defense.

From the record it appeared that Frank McMahon was the holder of a retail liquor license at the northwest corner of Second and Spruce streets, in the City of Philadelphia, and was indebted to the plaintiff in an amount exceeding $12,000, $10,000 of which was represented by a judgment note made by the said Frank McMahon in favor of the plaintiff, Joseph McGarrity.

Frank McMahon was convicted of manslaughter, and the plaintiff took up with him the question of the disposition of his liquor license; arrangements were finally made between the plaintiff and the defendant, whereby the defendant, who was the wife of Frank McMahon, was to take over and have transferred to her the said business and liquor license.

It was then understood between the plaintiff and the defendant that upon the execution by the defendant to the plaintiff of a judgment note for $10,000 (the one upon which judgment was entered in this case) and certain other notes aggregating over $2,000, which in all represented the indebtedness of Frank McMahon to the plaintiff, that the plaintiff would surrender the judgment note made by Frank McMahon in his favor.

The depositions taken on the part of the petitioning defendant tended to show that no consideration, other than the surrender of the judgment note executed by McMahon, was to be given to Mrs. McMahon for the judgment note executed by her. The depositions taken on

the part of the judgment plaintiff tended to show that
McGarrity had agreed that he would release McMahon
from his debt, and that he would aid defendant to se-
cure a transfer to her of the liquor license held by the
said Frank McMahon, and would procure for the de-
fendant an agreement on the part of the landlord of the
premises at the northwest corner of Second and Spruce
streets, to accept the defendant as his tenant upon the
transfer of the license being granted, and would agree
with the defendant to give credit for liquors which she
was to buy from the plaintiff.

Such a note as was agreed was executed by the de-
fendant and the plaintiff surrendered the note of Frank
McMahon to Mrs. McMahon. The depositions taken on
the part of the plaintiff tended to show that McGarrity
had aided Mrs. McMahon in securing the transfer of
the liquor license in question, that he had secured for
her the possession as a tenant of the premises at the
northwest corner of Second and Spruce streets, and
that he had extended to her credit for liquors furnished.

Upon judgment being entered by the plaintiff upon
the warrant of attorney contained in the note, the de-
fendant filed a petition, upon which a rule was granted
to show cause why the judgment should not be opened.
An answer was filed and depositions were taken as above
stated; the court discharged the rule. Defendant ap-
pealed.

*Errors assigned* were the order of the court discharg-
ing the rule and the refusal of the court to open the
judgment.

*Bernard F. Owens,* with him *C. Stuart Patterson, Jr.,*
for appellant.—It is admitted that a married woman
undertook to make herself responsible for a debt of her
husband, and to secure that debt by the execution and
delivery of her own judgment note, though she owed not
a dollar to the obligee in the note. The law will not

permit a married woman to obligate herself for the debt of another in this manner: Paxson v. Nields, 137 Pa. 385; Harris v. Reinhard, 165 Pa. 36; Patrick v. Smith, 165 Pa. 526; Sibley v. Robertson, 212 Pa. 24; Henry v. Bigley, 5 Pa. Superior Ct. 503; Weigle v. Mercer, 1 Pa. Superior Ct. 490; Friend v. Lamb, 152 Pa. 529; Kile v. Kilner, 37 Pa. Superior Ct. 90.

*William A. Gray,* for appellee.—It makes no difference whether the original debtor was the husband of the defendant or not. If the defendant took over his business as if she were a purchaser and assumed his obligations, the considerations moving toward her and to the detriment of the plaintiff are sufficient to sustain her obligation: Real Estate Inv. Co. v. Roop, 132 Pa. 496; Kuhn v. Ogilvie, 178 Pa. 303; Bank v. Poore, 231 Pa. 362; Spotts's Est., 156 Pa. 281; Atkins v. Grist, 44 Pa. Superior Ct. 310; Hazleton Nat. Bank v. Kintz, 24 Pa. Superior Ct. 456; McConahy v. McConahy, 59 Pitts. Leg. J. 244; Righter v. Livingston, 214 Pa. 28; Harrar v. Croney, 2 Pa. D. R. 375; Italo-French Produce Co. v. Thomas, 31 Pa. Superior Ct. 503; Hotchkiss v. Lamphier, 22 Pa. C. C. R. 574; Cassidy v. Scott, 30 Pa. C. C. R. 490.

PER CURIAM, May 5, 1913:

While the court below gave no reason for refusing to open the judgment against the appellant, it is safe to assume that her petition was dismissed because it appeared from the depositions that she had given her obligation to the appellee as an original undertaking on her part, for a valuable consideration passing directly to her, and not for an antecedent debt of her husband. It is for this reason that the appeal is dismissed with costs.