15735. HOLMES *v.* WHALEY.

STEPHENS, J. 1. A wife receives a legal benefit in a life-insurance policy issued to her husband in which she is named as beneficiary, although under its terms the insured may change the beneficiary at will.

2. Where a husband signs an application for a policy of life-insurance in which he designates his wife as the beneficiary, and reserves the right of revocation without her consent, and where the policy is afterwards delivered to her, and coincident with such delivery she executes a joint note with him, payable personally to the agent to whom the application has been given in payment of the first year's premium, the obligation to pay such premium is the debt of the wife, and she in executing such note does not do so as surety.

3. Neither the terms of the policy other than referred to in paragraph 1 above, nor the fact that the policy was issued and delivered to the

agent before its delivery by him to the wife when she executed the note, is material.

4. It was not error for the court to allow a witness, who had been "put under the rule" and sent from the court-room, to testify before receiving testimony from the plaintiff, who had been allowed to remain in the room.

5. In a suit by the payee of the note, against the wife as maker, the verdict found for the plaintiff was authorized, and no error of law appears.    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1925.

Complaint; from DeKalb superior court—Judge Hutcheson. May 29, 1924.

*Walter A. Sims, J. E. Berman,* for plaintiff in error.

*D. K. Johnston,* contra.