## Zuch v. Gorman.

*Married woman—Judgment for husband's debt—Consideration—Forbearance.*

1. Forbearance is a good consideration for a contract, even though the claim which one forbears from collecting is against a third party upon which the obligor is not liable, provided it is done at the request of the obligor in the contract.

2. Where a wife whose husband has disappeared gives a judgment note to a creditor of her husband in payment of his debt, and the creditor promises not to close out the husband's business, but to assist the wife in conducting the business, the note is given for a good consideration and is binding on her.

Rule for a new trial and motion for judgment *n. o. v.* C. P. Lancaster Co., Jan. T., 1925, No. 324.

*S. V. Hosterman,* for rule; *Charles E. Workman,* contra.

HASSLER, J., April 17, 1926.—The undisputed facts in this case are as follows: On March 3, 1925, the defendant gave her note to the plaintiff for $350, containing a warrant of attorney to confess judgment. Her husband, K. F. Gorman, conducted a restaurant business in the Borough of Marietta, and was indebted to the plaintiff for merchandise purchased by him for use in his business. On March 2, 1925, he disappeared, and at the request of the defendant the plaintiff called at her home. She there told him that her husband had disappeared, and expressed a desire to be permitted to continue the business. The next day she signed and gave to the plaintiff the note upon which

Zuch *v.* Gorman.

this judgment was entered. On July 29, 1925, execution was issued on the judgment. On the petition of the defendant the execution was stayed, the judgment opened, and an issue granted to ascertain how much, if anything, was due on it. (See 39 Lanc. Law Rev. 557.)

At the trial of this issue we gave binding instructions to the jury to find a verdict for the plaintiff for the full amount of his claim, having refused to affirm the point submitted by the defendant for binding instructions in her favor. We are now asked to enter judgment for the defendant *n. o. v.* or to grant a new trial.

At the trial the plaintiff testified that he was engaged in the grocery business, that he sold groceries to the defendant's husband for use in his restaurant, and that, on March 2nd, he was indebted to him in the sum of $601.45. He testified that he was called on the phone by the defendant on the morning of March 3, 1925, and, at her request, went to her home, when she told him that her husband had disappeared. He testified as to the circumstances under which the note was given as follows: "And she says, 'Don't sell me out, please.' I says, 'Mrs. Gorman, you owe me a pretty big bill, but I don't think of selling you out; in fact, I hadn't time to think of that, because you just told me about your trouble.' She says, 'I intend to run the business and pay these things off, but please don't push me and sell me out.' She mentioned the word 'sell out.' I said, 'All right, I will think of this matter.' . . . Then I suggested to her, to protect my own interest, to give me a note to cover part of what she owes me. She did not seem to agree to that. So I had a note drawn up for $300. . . . I induced her, or tried to induce her, to sign this note. I said, 'Mrs. Gorman, I don't mean to push you as long as you do what is right, but I want you to sign this note to protect me from the other creditors, because you owe me the most money.' She said, 'Well, I won't do that.' . . . Some time afterwards . . . she said, 'Mr. Zuch, I am coming over and sign that note.' I said, 'All right.' She came over to the store and she signed the note. She said, 'Now don't push me,' I said, 'No, Mrs. Gorman, as long as you do what is right and pay me something on the note I won't push you.'" He further testified that he gave her a writing, and it stated in the writing that as long as she did what was right "I will not push her."

If the note on which the judgment was entered was given by the defendant without other consideration than to pay her husband's debt it is invalid under the provisions of the Act of June 8, 1893, P. L. 344, which provides that a married woman may not become accommodation maker or endorser of a note. In Newhall *v.* Arnett, 279 Pa. 317, it is held that a note given by a married woman to a partnership for an amount which her husband owes to it is an accommodation note and invalid under the Act of 1893.

In the present case the note in question was not given by the defendant in payment of her husband's debt alone. When she sent for the plaintiff after her husband's disappearance, according to his testimony, she asked him not to sell her out, and told him she intended to run the business and pay the things off. He told her he would think of it, and suggested that she give a note to cover part of his claim to protect him. He also promised to assist her in the business by supplying merchandise needed in it. This note was subsequently given. The consideration, shown by these facts, was not only her husband's indebtedness to the plaintiff, but the plaintiff's promise to forbear from pushing his claim, so that she might continue the business. Forbearance is a good consideration for a contract, even though the claim which one forbears from collecting is against a third party upon which the obligor is not liable, provided it is done at the request of the obligor in the contract.

Zuch v. Gorman.

In McGarrity v. McMahon, 240 Pa. 553, it is decided that where a wife gives a judgment note to a creditor of her husband in payment of her husband's debt, and the creditor promises not to close out the husband's business, but to assist the wife in starting and conducting the business, the note is given for a good consideration and is binding on her. Her promise to pay the note, it is said in the opinion, was an original undertaking on her part for a valid consideration passing directly to her, and not alone for the antecedent debt of her husband.

The note given by the defendant to the plaintiff in this case was not alone in payment of his debt, but also in consideration of the plaintiff's promise, at her request, not to close out the business but to permit her to continue it. Her promise to pay the note was, therefore, an original undertaking on her part for a valid consideration passing directly to her and binds her to pay it.

The defendant's testimony differs in some respects from that of the plaintiff. It was, therefore, a question for the jury to decide whether they believed the plaintiff's testimony that the note was given in consideration of his promise not to push his claim against her husband, and we erred in not submitting it to them. We erred, therefore, in giving them binding instructions to find a verdict for the plaintiff and must make absolute the rule for a new trial. For the reasons given, we cannot enter judgment for the defendant n. o. v., and, therefore, discharge the rule to show cause why it should not be done.

The rule for a new trial is made absolute.

From George Ross Eshleman, Lancaster Pa.