## Lillis v. Krack et ux.

*T. P. Dunn*, for plaintiff.

*E. E. Petrillo*, for defendants.

EVANS, J., July 5, 1940.—This matter is before the court on a petition to open judgment entered by plaintiff in the sum of $1,645.88 with interest at the rate of six percent per annum from June 21, 1936.

One of the defendants, Gustave C. Krack, entered into two separate contracts of life insurance on April 21, 1932, the first being policy no. 2,407,142 for the sum of $10,000 at an annual premium of $869.90, and the other, policy no. 2,407,143 for the sum of $5,000 at an annual premium of $434.95. These policies were issued at age 63 and just before a higher premium would be required, based on age 64. Also, the insured was nearing the age

of 65, after which no further insurance could be obtained by him. Previous insurance which he had had was allowed to lapse by failure to pay necessary premiums. Both of the contracts called for payment of the principal sum to his estate in case of insured's death; and the agent, plaintiff in this case, took insured's personal note covering all but a small portion of the premiums on both policies. A short time after the contracts were entered into, the beneficiary clauses were changed and Ida J. Krack, one of the defendants, wife of insured, was made beneficiary. At the end of one year, the insured was unable to pay the obligation for the first year's premium or to renew the policies, and plaintiff again loaned such sums as, in addition to the dividends, were required to renew the policies for another year. On July 8, 1933, to protect plaintiff, both of the defendants executed an assignment of the $5,000 policy to plaintiff to secure him in case of insured's death, for the sums loaned for premium purposes. At some time during the years 1933 or 1934 the insured, at the request of plaintiff, secured his wife's signature to a renewal note for the first two years' premiums. This note was renewed from time to time until June 21, 1936, when the present note in the amount of $1,495.88 was given. That amount includes the first two years' premiums on both policies, plus interest, less all credits, including dividends received. The larger policy was permitted to lapse by failure to pay further premiums, the exact date of such lapse not being before the court at this time. The smaller policy was carried by the insured, with plaintiff's help, for four or five years when it also lapsed because neither plaintiff nor defendants were willing to continue payment of premiums.

It is the contention of defendant Ida J. Krack that she signed the note in suit as a renewal of an original obligation to which she was an accommodation maker for the benefit of her husband and that under the provisions of the Act of June 8, 1893, P. L. 344, she is not liable.

Plaintiff contends that inasmuch as Ida S. Krack was the beneficiary of both policies she derived a direct benefit therefrom and that therefore her obligation is direct and not one of accommodation.

A married woman may bind herself by a promissory note given by her and accepted in payment of the original premium for a policy of insurance on the life of her husband for the benefit of herself: Mitchell v. Richmond, 164 Pa. 566. This is true when she executes a joint note with her husband payable personally to the agent to whom the application has been given, even though under the terms of the policy the insured has power to change the beneficiary at will: Holmes v. Whaley, 33 Ga. App. 521, 126 S. E. 900. In determining whether a contract is one of suretyship the courts construe the substance rather than the form and uphold it as an original undertaking where the purpose of the maker is to conserve her own interest and to accomplish a purpose of her own: Morris v. Duers et al., 90 Pa. Superior Ct. 285. This is also true, even though the obligation she agrees to pay was one originally incurred by her husband but the assumption of which by the married woman carries with it a valuable consideration passing directly to her: McGarrity v. McMahon, 240 Pa. 553.

We, therefore, conclude that as to the second or smaller policy a direct benefit accrued and was maintained in the interest of the beneficiary which constitutes a valid consideration moving directly to her for the assumption of the debt originally her husband's. Had he died at any time when this policy was in force she would have received the proceeds of the policy, and during part of this time it was not possible for her husband, on account of his age, to secure further insurance. As to the larger contract, however, there is a different situation. If it was canceled at the time the beneficiary signed the note with her husband, she could not receive any benefits therefrom and her joining with her husband was only as security for a past-due debt contrary to the provisions

of the Act of 1893, supra, but she may be barred by laches from such defense. It is entirely possible that this note, therefore, includes a sum for part of which the wife is liable as a principal and for part of which she is liable only as a surety, and it seems, therefore, necessary that this judgment be opened for the purpose of ascertaining these facts.

And now, to wit, July 5, 1940, the rule granted December 18, 1939, to show cause why judgment should not be opened, is made absolute.